470

## NATIONAL LABOR RELATIONS BOARD v. CONSOLIDATED MACHINE TOOL CORPORATION.

Docket 20516.

Circuit Court of Appeals, Second Circuit.

March 23, 1948.

For prior opinion see 163 F.2d 376.

Arthur L. Stern, of Rochester, N.Y., for Consolidated Machine Tool Corporation.

Owsley Vose and David P. Findling, both of Washington, D. C., for the Board.

Before L. HAND, SWAN and FRANK, Circuit Judges.

PER CURIAM.

Soon after the ·order of this court was entered, a majority of the employees in the Company's Pattern Making Department petitioned the Board under § 9(c) (1) (A) (ii) of the Amended Act[1] for "decertification" of the union which, on the appeal, we had held to be their "exclusive bargaining agent"; and the employer has been permitted to intervene in that proceeding. However, the Regional Director has refused to issue any notice of hearing upon the application, and the Board has sustained his refusal "on the ground that compliance with the Board's order as enforced by the Circuit Court of Appeals * * * has not yet been effected." The employer now moves us to modify our· order so as to allow the Board to proceed with the petition.

So far as the Board's position may rest upon the notion that our order as such precludes it or its officers from proceeding with the petition, we need only say that we did not intend it to have any such effect; and that the Board is entirely free to take any action which it chooses: either to withdraw the present certification or to substitute a new "bargaining representative." We are not aware that it thinks otherwise; but we say this to lay any doubts. On the other hand, so far as the Board refuses to act upon the petition until the employer has complied with our order, it is for the Board to decide whether noncompliance is a reason for refusing to consider the employees' petition. Finally, we refuse to modify our order, so far as it directs the employer to deal with the present representative. Even though it may be true that the Amended Act has now made lawful the conduct of Maier on which the order was in part based, the refusal to deal with the duly selected "bargaining representative" remains an "unfair labor practice" which still supports the Board's order and our order.

Motion denied.

---

[1] § 159(c) (1) (A) (ii), Title 29 U.S.C.A.