SURPRENANT MFG. CO., Plaintiff,
Appellant,

v.

Bernard L. ALPERT, as Regional Director, First Region, National Labor Relations Board, Defendant, Appellee.

No. 6092.

United States Court of Appeals
First Circuit.

June 4, 1963.

Matthew E. Murray, Chicago, Ill., with whom Richard Comerford, Leominster, Mass., John D. O'Brien, Chicago, Ill., Dyer & Comerford, Leominster, Mass., and Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., were on brief, for appellant.

James C. Paras, Atty., with whom Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Gladys Kessler, Atty., Washington, D. C., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is a petition for a mandatory injunction directed against a Regional Director of the National Labor Relations Board. Although not essential to our decision,[1] some background material will place the particular Board conduct attacked in this case in better perspective. Whenever, shortly prior to a representation election, it is charged that the employer has engaged in an unfair labor practice which might affect the outcome, the Board, upon investigation and a determination that the charge has prima facie merit, customarily postpones the election until it has been found that no unfair labor practice has been committed, or until the union waives any claim to rely upon the employer's conduct to invalidate the election. There is no provision in the statute, or even any regulation, which expressly authorizes such action, but, concededly, the Board has followed this "blocking charge" procedure from the beginning. United States Coal & Coke Co., 1937, 3 NLRB 398; Third Annual Report of the NLRB (1939) 143. So far as we can discover it has never been judicially overturned. See, e. g., N. L. R. B. v. Auto Ventshade, Inc., 5 Cir., 1960, 276 F.2d 303; Pacemaker Corp. v. NLRB, 7 Cir., 1958, 260 F.2d 880; N. L. R. B. v. Trimfit of California, Inc., 9 Cir., 1954, 211 F.2d 206. While the Board's view has been criticized, Pacemaker Corp. v. NLRB, supra, at 882, one of the dangers inherent in the opposite rule may be deduced from N. L. R. B. v. National Container Corp., 2 Cir., 1954, 211 F.2d 525.

In the present case the Steelworkers' union[2] petitioned for an election. Two other unions were allowed to intervene, and thereafter the employer, Surprenant Manufacturing Co., plaintiff appellant herein, entered into a stipulation with all three unions and defendant appellee Regional Director for a consent election

---

[1] Appellant asserts that the legality of the "blocking charge" procedure herein described is not involved in this action, and we agree, although possibly not for the same reason.

[2] United Steelworkers of America, AFL-CIO.

pursuant to the usual rules of the Board. The election was scheduled for November 9, 1962. On November 7 the Steelworkers filed an unfair labor practice charge, asserting, in the words of the present complaint, that appellant had engaged in intimidating conduct, threats to close the plant if the union won the election, and other activities constituting unfair labor practices. The Director, had such a charge been filed sooner would, under customary practice, have investigated and postponed the election if, but only if, he had found that the charge had prima facie merit. Two days were insufficient to make the investigation. The Director could have approximated the usual blocking charge procedure in a number of ways. He could have postponed the election briefly, with resultant expense and unfairness had subsequent investigation proved the charge to be lacking in even prima facie merit, or he could have proceeded with the voting and then refrained from tabulating the result until he had an opportunity to investigate. He adopted the latter course, and as soon as the votes had been cast impounded the ballots without making a tally. Subsequently, when the investigation indicated that the charges had prima facie merit, he entered an order withdrawing his consent to the election, declaring it null and void, and providing for the destruction of the ballots, uncounted.

Appellant brought the present action in the district court under 28 U.S.C.A. § 1337, praying that the Director's order be set aside, and seeking a mandatory injunction requiring the counting of the ballots and the announcing of the result. In addition, it requested an order that the unfair labor practice charges be not heard until the election results had been disclosed. It asserted that the Board had acted improperly because, in fact, no un-

fair labor practice had been committed. It alleged, in addition, that the union did not even have reasonable cause to believe otherwise. The district court, on motion, dismissed the complaint on the pleadings. It stated that since the certification petition had been brought under section 9(c) (1) (A) by the union, and not under section 9(c) (1) (B) by the employer, the employer had no "legal interest" to be affected, and held that the court lacked jurisdiction. This appeal followed.

 It is not altogether clear whether appellant wants the votes tallied and the result announced so that it will be able to contend that the election is valid, subject to objections, or whether it will be content to gain benefits from the announcing of results, and the opportunity of using these results as evidence in future unfair labor practice proceedings. Very possibly the complaint sought both objects. But, in any case, it seems apparent that appellant has no claim unless it is correct in its contention that it in fact committed no unfair labor practice in connection with the election. Not only, so far as its first purpose is concerned, might an unfair labor practice invalidate the election, N. L. R. B. v. Trancoa Chemical Corp., 1 Cir., 1962, 303 F.2d 456; N. L. R. B. v. Howell Chevrolet Co., 9 Cir., 1953, 204 F.2d 79, aff'd 346 U.S. 482, 74 S.Ct. 214, 98 L.Ed. 215; N. L. R. B. v. National Container Corp., supra, but with respect to its second purpose, an unfair practice would deprive appellant of a right to the tally even as evidence at the Board hearing. At best, if appellant had committed an invalidating practice, a tally would be irrelevant.[3] At worst, its announcement would be prejudicial to the union in a future election. However, in our opinion, the very fact that appellant predicates its claim for relief upon the

---

3. Appellant does suggest that if the union overwhelmingly lost the election it would indicate the immateriality of any unfair labor practice. While not rejecting this argument completely, we have severely criticized it before. N. L. R. B. v. Tran-coa Chemical Corp., supra, at 458, fn. 1. Certainly it is not one on which to base an action to order the production of evidence, assuming as we do herein without deciding, that such action will ever lie.

allegation that it committed no unfair practice puts it out of court.

■ Normally the question of whether a party committed an unfair labor practice is to be determined initially and solely by the Board, subject to review. It is true that there is no pre-emption of this issue where a party is seeking to enforce a separate right,[4] as, for example, where the question arises in connection with a suit for breach of contract. Smith v. Evening News Association, 1962, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246; cf. United Brick & Clay Workers v. Deena Artware, Inc., 6 Cir., 1952, 198 F.2d 637, cert. den. 344 U.S. 897, 73 S.Ct. 277, 97 L.Ed. 694; see Sovern, supra fn. 4, at 559–561. But the "right" which appellant here seeks to vindicate is of legal significance only if it will help it secure a determination that there was a valid election free of an unfair labor practice, which is the very matter Congress has committed to the Board. The incongruity of the district court's making a preliminary finding that no unfair labor practice was committed in order to require evidence to be produced at a Board hearing in which such issue is to be litigated, hardly needs to be developed. A substantive determination that the election was valid, assuming, contrary to the court below, that appellant has an interest in such a determination, would equally involve the district court's impinging in a fact-finding manner upon the Board's jurisdiction.

■ Appellant's basic case is predicated on the fact that the Board is required to conduct elections, section 9(c)(1), its position being that it is not doing so. But, on analysis, its real contention is that it is not doing so in a proper manner. "The control of the election proceeding, and the determination of the steps necessary to conduct that election fairly [are] matters which Congress entrusted to the Board alone." N. L. R. B. v. Waterman Steamship Corp., 1940, 309 U.S. 206, 226, 60 S.Ct. 493, 503, 84 L.Ed. 704. This delegation applies to selection of the proper time, N. L. R. B. v. Fresh'nd-Aire Co., 7 Cir., 1955, 226 F.2d 737; N. L. R. B. v. Shirlington Supermarket, Inc., 4 Cir., 1955, 224 F.2d 649, cert. den. 350 U.S. 914, 76 S.Ct. 198, 100 L.Ed. 801, as well as to determining what constitutes fair surrounding circumstances, N. R. L. B. v. Consolidated Machine Tool Corp., 2 Cir., 1948, 167 F.2d 470; see also, blacking charge cases, supra. Even granting that appellant has an interest in having a determination made of who represents a majority of its employees, the type of Board error committed here, if any, was one of discretion, subject to ordinary process of review,[5] rather than action beyond a "clear and mandatory" statutory limitation of the Board's powers as in appellant's case of Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. What appellant is asking is that the district court, in effect, supplant the Board's expertise. This cannot be done. International Ass'n of Tool Craftsmen v. Leedom, 1960, 107 U.S.App.D.C. 268, 276 F.2d 514, cert. den. 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 46; Milk and Ice Cream Drivers Union, Local 98 v. McCulloch, D.C.Cir., 1962, 306 F.2d 763. It would seem almost elementary that appellant's claim of hardship must fall upon our deaf ear. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

Judgment will be entered affirming the judgment of the District Court.

4. Strictly, the question in the case at bar is not pre-emption, but "primary jurisdiction." See Sovern, Section 301 and the Primary Jurisdiction of the NLRB, 76 Harv.L.Rev. 529 (1963).

5. Appellant does not contend that it has no rights of review whatever, as, indeed, it could not. See, e. g., N. L. R. B. v. Shirlington Supermarket, Inc., supra. Its position is that its opportunities for review are inadequate. This is in a sense a circuitous argument, for it may be said that a party normally has such rights under a statute as the statute recognizes.