**STAR MARKET CO., Plaintiff,**

v.

**Bernard L. ALPERT, as Regional Director of the National Labor Relations Board for the First Region, Defendant.**

**Civ. A. No. 64–144.**

United States District Court
D. Massachusetts.

March 13, 1964.

John J. Delaney, Jr., John R. Hally, Murray S. Freeman, Nutter, McClennen & Fish, Boston, Mass., for plaintiff.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B. and Robert Greene, Reg. Atty., N. L. R. B., Boston, Mass., for defendant.

CAFFREY, District Judge.

. This case is before the Court upon plaintiff's motion for an injunction to restrain the conduct of a representation election by the National Labor Relations Board and upon defendant's motion to dismiss the complaint. The relevant facts as set forth in the complaint and Exhibit A thereto may be summarized as follows:

Plaintiff is a Massachusetts corporation which operates 35 retail food stores in four New England divisions. Its "Boston Division" is composed of 17 stores located in various townships surrounding the Boston metropolitan area and includes a store in Norwood, Massachusetts (Pltf. Exh. A; Compl. pars. 2, 4). On September 3, 1963, the Amalgamated Meat and Food Store Employees' Union, Local 592, AFL–CIO (herein "the Union"), filed a petition (Board Case No. 1–RC–7568) under Section 9 of the National Labor Relations Act for a representation election among employees at the Norwood store (Compl. par. 4). On September 30, 1963, the Retail Grocery and Food Clerks' Union, Local 1445, R.C.I.A., AFL–CIO (herein "the Retail Clerks"), intervened in the representation proceeding (Compl. par. 4). Following a hearing in Boston before a Board hearing officer the case was transferred to the Board in Washington for decision (Compl. pars. 5, 7). On February 24, 1964, the Board issued its decision finding that "on the basis of each store manager's control of the day-to-day operations of the store, the absence of substantial interchange [of employees among plaintiff's stores] * * * [the absence of a] bargaining history [in the Boston Division], and upon the entire record, * * * there is a sufficient degree of store autonomy to render

a separate unit at the Norwood store appropriate" (Pltf. Exh. A). Accordingly, the Board directed that an election be conducted among the employees of the Norwood store to determine whether they desired to be represented by the petitioning union, by the intervening Retail Clerks' Union, or by neither. The election is currently scheduled to be held on March 20, 1964.

On March 3, 1964 plaintiff filed the instant suit. Plaintiff, by its complaint against the Board's Regional Director, seeks to have this Court enjoin the conduct of the scheduled representation election and thus to review and set aside the Board's Decision and Direction of Election in the representation proceeding. Plaintiff cites 28 U.S.C. § 1337 as the basis of this Court's jurisdiction and alleges that the case involves substantial questions both under the statutes and the Constitution of the United States. Specifically, plaintiff alleges that the decision of the Board violates Sections 9 (c) (5), 9(c) (2) and 9(c) (3) of the National Labor Relations Act as amended by the Labor Management Relations Act of 1947 and the Labor Management Reporting and Disclosure Act of 1959, in that the Board allegedly based its determination of the proper bargaining unit on the extent of employee organization. Plaintiff also contends that the findings are so contrary to the undisputed record evidence as to amount to a denial of plaintiff's rights under the Fifth Amendment of the Constitution to a hearing conducted by a tribunal prepared to weigh and evaluate evidence with a mind not yet committed to any predetermined result.

■■ The motion to dismiss must be granted as the plaintiff has not brought itself within the two limited exceptions to the general rule that the District Court is without jurisdiction to enjoin the conducting of a representation election as ordered in a decision by the Board. Fitzgerald v. Douds, 167 F.2d 714 (2 Cir. 1948); Local 1545, etc. v. Vincent, 286 F.2d 127 (2 Cir. 1960). The exceptions announced in Leedom v. Kyne,

358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) and in Fay v. Douds, 172 F.2d 720 (2 Cir. 1949) do not establish a basis of jurisdiction on the record before me.

Plaintiff's complaint reduces itself to a vehemently and verbosely stated dissatisfaction with the decision of the Board in a matter committed by Congress to the Board's discretion. Metropolitan Life Ins. Co. v. N. L. R. B., (C.A. 1, 1964) 327 F.2d 906; Packard Motor Car Co. v. N. L. R. B., 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947). This Court lacks jurisdiction to review such a decision of the Board irrespective of the correctness thereof. Surprenant Mfg. Co. v. Alpert, 318 F.2d 396 (1 Cir. 1963). See, also, Sav-on Drugs, Inc. v. Cuneo, 51 L.R.R.M. 2368 (D.N.J.1962), and Wyatt Food Stores v. Davis, (N.D.Texas, 1962).

The defendant's motion to dismiss is allowed.