**FURR'S INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 8078.**

United States Court of Appeals
Tenth Circuit.

July 9, 1965.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This is a petition for review of an order of the National Labor Relations Board affirming the Regional Director's dismissal of the petitioner's petition requesting an election for the employees of one of its stores, located in Las Cruces, New Mexico. Petitioner asserts that this court has jurisdiction under Section 10 (f) of the National Labor Relations Act, 29 U.S.C.A. § 160(f). The Board has moved for dismissal on the ground that the order challenged is not a "final order."

On October 6, 1964, the petitioner was advised by a representative of the Retail Clerks International Union that it represented a majority of the employees in petitioner's store in Las Cruces. The petitioner advised the Union that it doubted its claim and filed a petition on October 12, 1964, under Section 9(c) of the National Labor Relations Act, 29 U.S.C.A. § 159, requesting an election. On December 15, 1964, the Regional Director for the NLRB filed a complaint, charging the petitioner with refusal to bargain with the Retail Clerks in violation of Section 8(a) (5), 29 U.S.C.A. § 158(a) (5). On December 16, 1964, the Regional Director dismissed petitioner's election petition. The dismissal was upheld by the Board on January 28, 1965.

Since its creation it has been the practice of the National Labor Relations Board not to conduct a representation election when the employer is also charged with an unfair labor practice which might affect the outcome, unless the Union waives any claim to rely upon the employer's conduct to invalidate the election. See United States Coal & Coke Co., 3 N.L.R.B. 398. This practice and the authority of the Board over the timing of elections has been recognized by the courts in several cases. Surprenant Mfg. Co. v. Alpert, 318 F.2d 396 (1st Cir.); Pacemaker Corp. v. NLRB, 260

James H. Milam, of Crenshaw, Dupree & Milam, Lubbock, Tex., for petitioner.

Elliott C. Lightman, for respondent, National Labor Relations Board.

F.2d 880 (7th Cir.); NLRB v. Trimfit of California, Inc., 211 F.2d 206 (9th Cir.). The record indicates that the dismissal in the instant case was predicated on the Board's policy. This practice is well within the Board's power over its administrative and procedural practices.

■ It is well settled that Board orders in certification proceedings under Section 9(c) are not directly reviewable in the courts. Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849; American Federation of Labor v. National Labor Relations Board, 308 U. S. 401, 60 S.Ct. 300, 84 L.Ed. 347. This general rule is subject to limited exceptions not applicable in the case at bar, and the delays resulting are apparent. Boire v. Greyhound Corp., supra. Instead such orders are normally reviewable only as an incident to a proceeding brought under Section 10(e) or 10(f), 29 U.S.C.A. § 160(e), (f), to enforce a cease and desist order or to review a "final order" of the board in an unfair labor practice proceeding. Boire v. Greyhound Corp., supra; NLRB v. Dewey Portland Cement Co., 336 F.2d 117 (10th Cir.). We expressly held in NLRB v. Ideal Laundry & Dry Cleaning Co., 330 F.2d 712 (10th Cir.), that the proceedings to determine the appropriate bargaining unit under Section 9(c) is "purely administrative and does not contemplate a final determination of the rights of the parties," and that the Board has "wide discretion" in establishing procedure necessary to the choice of bargaining representatives of the employees. The general procedure and intention of the Act is fully treated in the cited case.

■ In the instant case, should the Board find that the allegations of the unfair labor practice complaint have been sustained, the remedy is an order for the petitioner to bargain with the Union. In such circumstances, the petitioner may obtain review in the Court of Appeals under Section 10(f) of the Act. NLRB v. Dewey Portland Cement Co., supra; NLRB v. Ideal Laundry & Dry Cleaning Co., supra.

Under proper circumstances, Section 9(d) of the Act makes full provision for judicial review of the underlying certification order by providing that "such certification and the record of such investigation shall be included in the transcript of the entire record required to be filed" in the Court of Appeals. 29 U.S.C.A. § 159(d).

■ The Board's dismissal is an interlocutory order on procedural grounds only, in conformity to the Board's practice above described, and is no bar to the filing of a new petition after the charges have been disposed of. Refrigeration Contractors Ass'n, Inc., 88 N.L.R.B. 889. The petitioner's contention that it has been denied a hearing in violation of the due process clause of the First Amendment and the Administrative Procedure Act is thus without merit.

■ The control of election proceedings, including selection of the proper time, is a matter which Congress entrusted to the Board alone. NLRB v. Ideal Laundry & Dry Cleaning Co., 330 F.2d 712 (10th Cir.); NLRB v. Fresh'nd-Aire Co., 226 F.2d 737 (7th Cir.); NLRB v. Shirlington Supermarket, Inc., 224 F. 2d 649 (4th Cir.), cert. den. 350 U.S. 914, 76 S.Ct. 198, 100 L.Ed. 801. Under the circumstances here the petitioner's contentions will have to await review until a proper petition for review or enforcement of a Board order under Section 10(e) or 10(f) is presented to the court.

The Motion to Dismiss is sustained, and the Petition to Review is dismissed.