## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## BOOT-STER MANUFACTURING COMPANY, Inc., Respondent.

### No. 16515.

United States Court of Appeals
Sixth Circuit.

May 27, 1966.

Gary Green, National Labor Relations Board, Washington, D. C., for petitioner, Arnold Ordman, Gen. Counsel, Dominick

L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter M. Giesey, Attys., National Labor Relations Board, Washington, D. C., on the brief.

Wilson Sims, Nashville, Tenn., for respondent, Bass, Berry & Sims, Nashville, Tenn., of counsel.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

The National Labor Relations Board, having found violations of Section 8(a) (1), 61 Stat. 140 (1947), 29 U.S.C. § 158(a) (1) (1964), and Section 8(a) (5), 61 Stat. 141 (1947), 29 U.S.C. § 158(a) (5) (1964), of the National Labor Relations Act on the part of respondent, seeks enforcement of its order requiring respondent to cease and desist from unfair labor practices and to bargain with the union.

All of the basic issues argued to this court on this appeal have been recently considered and decided in N. L. R. B. v. Winn-Dixie Stores, Inc., 341 F.2d 750 (C.A.6, 1965), cert. denied, 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74 (1965), and N. L. R. B. v. Cumberland Shoe Corp., 351 F.2d 917 (C.A.6, 1965).

Respondent, however, argues that in the instant case most of respondent's coercive practices *preceded* the union's request to bargain, while in *Cumberland* the unfair labor practices *followed* the request to bargain.

We do not consider this a meaningful distinction on this record. Taking the record as a whole, there was evidence from which the NLRB could have found that respondent sought by unlawful coercion to change the choice of its employees as to their bargaining agent and succeeded in doing so. In such a situation an order to bargain may be "strong medicine" but we believe it to be no stronger than is authorized by the statute. Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020 (1944); N. L. R. B. v. Consolidated Ma-

chine Tool Corp., 163 F.2d 376 (C.A.2, 1947), cert. denied, 332 U.S. 824, 68 S.Ct. 164, 92 L.Ed. 399 (1947), modification denied, 167 F.2d 470 (C.A.2, 1948); Joy Silk Mills, Inc. v. N. L. R. B., 87 U.S.App.D.C. 360, 185 F.2d 732 (C.A. D.C.1950), cert. denied, 341 U.S. 914, 71 S.Ct. 734, 95 L.Ed. 1350 (1951).

Enforcement of the NLRB order is granted.