NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CUMBERLAND FARMS, INC.,
Respondent.

No. 6732.

United States Court of Appeals
First Circuit.

Heard Oct. 4, 1966.

Decided Dec. 20, 1966.

Warren M. Davison, Washington, D. C., Attorney, with whom Arnold Ordman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, were on brief, for petitioner.

Owen P. Reid, Providence, R. I., with whom Robert J. McGarry and Graham, Reid, Ewing & Stapleton, Providence, R. I., were on brief, for respondent.

ALDRICH, Chief Judge, WOODBURY,* Senior Judge, and McENTEE, Circuit Judge.

OPINION OF THE COURT.

WOODBURY, Senior Circuit Judge.

On this petition for enforcement of an order of the National Labor Relations Board we are faced only with the question of the appropriateness of a collective bargaining unit.

The Respondent, Cumberland Farms, Inc., is engaged in the business of receiving, processing and packaging milk and dairy products at its plant in Canton, Massachusetts, and shipping its products from its plant to retail stores owned and operated by a subsidiary corporation. At the time of the election to be described presently it employed some 100 nonsupervisory-nonclerical employees.

Early in 1964 Local 653, International Brotherhood of Teamsters, Chauffeurs,

* Sitting by designation.

Warehousemen and Helpers of America, filed a representation petition with the Board's Regional Office in Boston, Massachusetts, asking for the designation of a bargaining unit to include all production and maintenance workers at the Canton plant including truck drivers. The Board delegated its powers in the premises to the Regional Director for the First Region, as it is empowered to do by § 3(b) of the Act, 29 U.S.C. § 153(b), and the latter, after a hearing before a hearing officer, affirmed the officer and found that the employee unit appropriate for the purpose of collective bargaining consisted of: "All production and maintenance employees at the Employer's Canton, Massachusetts plant, including truck drivers, mechanics and loaders, but excluding office clerical employees, laboratory technicians, farm laborers, construction workers, professional employees, guards and supervisors as defined in the Act."

The Board granted the Respondent's request for review but only as to a separate issue with respect to inclusion in the unit of similar employees in a separate plant[1] and summarily affirmed the Regional Director's unit determination. The Union won an election conducted under Board auspices by a rather narrow margin and the Board duly certified the Union as the collective bargaining representative of the employees in the unit described above. The Respondent refused to bargain collectively with the Union asserting that the unit it purported to represent was inappropriate for the purpose, and General Counsel for the Board filed a complaint charging the Respondent with unfair labor practices in violation of § 8(a) (1) and (5) of the Act. 29 U.S.C. § 158(a) (1), (5). The Respondent's answer raised only the issue of the appropriateness of the collective bargaining unit and counsel for the General Counsel moved for judgment on the pleadings. A hearing was held by a trial examiner on an order to show cause

why the motion should not be granted, after which the trial examiner granted the motion and recommended a routine cease and desist order to which the Respondent duly filed exceptions. A three-member panel of the Board summarily adopted the trial examiner's findings, conclusions and recommendations and entered an order under § 10(c) of the Act, 29 U.S.C. § 160(c), directing action by the Respondent in conformity with the trial examiner's recommendations. This is the order the Board asks us to enforce.

The Respondent has consistently contended throughout this proceeding that the bargaining unit should consist of production and maintenance employees but should exclude truck drivers. It recognizes that § 9(b) of the Act, 29 U.S.C. § 159(b), vests the Board with very broad discretion in bargaining unit determination but it contends that in this case the Board's unit determination is inconsistent with stated Board policy and is arbitrary and capricious.

In E. H. Koester Bakery Co., Inc., 136 NLRB 1006, decided April 12, 1962, the Board departed from its previous rigid policy of including truck drivers in broader units. It said:

"We have carefully reexamined the treatment accorded truck drivers in unit placement cases. We are convinced that application of the present automatic rule amounts to a refusal to consider on its merits an issue, the resolution of which the parties have been unable to reach based upon their collective experience and knowledge, and one which is basic to a determination of the unit placement of truckdrivers. We have therefore decided to abandon the blanket policy of including truckdrivers in more comprehensive units and to return to the approach of predicating their unit placement in each case upon a determination of their community of interest. In so doing, we shall continue to ac-

---

[1]. That plant was then being and has now been phased out of existence and the employees formerly there now work at the Canton plant. There remains no issue as to their inclusion in the unit.

cord to the history of collective bargaining and to the agreement or stipulation of the parties the substantial weight which has been given to these factors and which we find justified. Similarly, where their representation in a separate unit is requested we shall determine whether they may appropriately constitute a separate unit. However, in the absence of such a request, we shall no longer hold that inclusion is automatically required.

"In our evaluation we shall consider, among others, the following factors: (1) Whether they have related or diverse duties, mode of compensation, hours, supervision, and other conditions of employment; and (2) whether they are engaged in the same or related production process or operation, or spend a substantial portion of their time in such production or adjunct activities. If the interests shared with other employees is [sic] sufficient to warrant their inclusion, we shall include the truckdrivers in the more comprehensive unit. If, on the other hand, truckdrivers are shown to have such a diversity of interest from those of other employees as to negate any mutuality of interest between the two groups, we shall exclude them."

The Regional Director based his decision to include truck drivers in the broader unit on three cases. Sylvania Electric Products, Inc., 135 NLRB 768, decided January 31, 1962, Kalamazoo Paper Box Corp., 136 NLRB 134, decided March 6, 1962, and Tops Chemical Co., 137 NLRB 736, decided June 21, 1962. Although two of those cases were decided before *Koester Bakery*, the Board therein did not apply its rigid rule and automatically include truck drivers in a more comprehensive unit. Instead it included them in the broader unit only after considering the factors listed as the basis for decision in *Koester*, thereby, perhaps, foreshadowing its decision in that case.

The cases relied upon by the Regional Director, however, differ significantly on their facts from the case at bar in that relatively few over-the-road truck drivers were involved in comparison with the number of maintenance and production workers and the truck drivers spent a substantial proportion of their time on in-plant work instead of driving trucks,[2] whereas in the case at bar we are concerned with 7 to 9 tank truck drivers who make long-haul runs to pick up milk in bulk in other states and 20 delivery drivers who transport processed and packaged dairy products from the Canton plant to retail stores. Thus some 30% of the employees here involved are truck drivers. And they spend almost all of their time driving trucks. Only once in a while do they load their own truck or fill in as loaders and assist in loading other trucks.

On the other hand, the cases heavily relied upon by the Respondent, Koester Bakery Co., Inc., supra, and Gunzenhauser Bakery, Inc., 137 NLRB 1613, decided July 23, 1962, also differ significantly in their facts from the case at bar, for in both cases the Board was concerned with a large group of route salesmen,[3] that is to say men who drove trucks over a route selling bakery products house to house, to restaurants and to a few retail markets. Since, except for the time spent in loading, these men were away from the plant all day and were primarily salesmen and only incidentally truck drivers, the Board excluded them from a more comprehensive unit including production and maintenance workers.

A third case relied upon by the Respondent, Delight Bakery, Inc., 145 NLRB 893, decided January 10, 1964, is very similar to the last two cases con-

---

2. In *Kalamazoo Paper Box*, for instance, only two truck drivers were involved and they spent 50% of their time working at a variety of occupations in the plant.

3. In *Gunzenhauser* the Board was concerned with 110 driver-salesmen and 2 over-the-road truck drivers and in *Koester* with 175 driver-salesmen and 3 over-the-road truck drivers.

sidered with the exception that only 4 drivers were involved.

 Naturally applications of the *Koester* approach result sometimes in the inclusions of truck drivers in broader units and sometimes not. Each case as it arises must be decided on its own facts. And we recognize that the Board has broad authority in the field of unit determination. But the Board cannot act arbitrarily or capriciously. There must be some rational factual basis for its determinations. Here as factual basis all we have is the statement of the Regional Director, whose decision the Board summarily affirmed, who said:

" * * * All employees share in similar vacation, holiday, Blue Cross and group insurance benefits. Payrolls for all employees are made up at the same location and all employees use the same lunchroom. Based upon the substantial community of interest which exists between the truck drivers, mechanics and loaders and the in-plant production employees, and since no other labor organization is seeking to represent the drivers and allied categories separately, it is found that the broad production and maintenance unit, including truck drivers, mechanics and loaders, is appropriate."

The fact that all employees share in similar vacation, holiday and insurance benefits and the fact that all payrolls, are made up at the same location is at the most *de minimis*. The fact that all employees use the same lunch room seems wholly irrelevant since apparently the truck drivers are on the road all day. The statement that a substantial community of interest exists between the truck drivers and other employees is nothing but the statement of a conclusion. Unlike the truck drivers in the cases relied upon by the Regional Director and the Board, the truck drivers here only "sometimes" work in the plant and then only as loaders of their own or another driver's truck. The record shows little community of interest between the truck drivers and the other employees of the Respondent's Canton plant. However, in view of the broad powers of the Board in unit determination and to give it the benefit of any possible doubt we shall remand the case to the Board on the authority of NLRB v. Metropolitan Life Insurance Co., 380 U.S. 438, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965), for articulation of valid reasons, if indeed there are any, for including truck drivers in the more comprehensive unit.

A decree will be entered remanding the case to the Board for further proceedings consistent with this opinion.