**BIG Y SUPERMARKETS, INC.,**
**Plaintiff,**

v.

**Frank W. McCULLOCH et al.,**
**Defendants.**

**Civ. A. No. 66–873.**

United States District Court
D. Massachusetts.

Jan. 19, 1967.

Jay S. Siegel, Siegel & Werner, Hartford, Conn., Lawrence Kearns, Morgan, Brown, Kearns & Joy, Boston, Mass., for plaintiff.

Paul F. Markham, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., Boston, Mass., Marcel Mallet-Prevost, National Labor Relations Board, Washington, D. C., Robert Greene, Regional Atty., National Labor Relations Board, Boston, Mass., for defendants.

## MEMORANDUM

GARRITY, District Judge.

The plaintiff in this action, a Massachusetts corporation which operates four supermarkets in the general vicinity of Chicopee Falls, Massachusetts, seeks to enjoin the defendant members of the National Labor Relations Board and its Regional Director from conducting representation elections pursuant to § 9(c) of the National Labor Relations Act, 29 U.S.C. § 159(c), at two of the plaintiff's stores. The complaint prays for an injunction during the pendency of the action, an order striking down a decision of the Board dated November 21, 1966, and a permanent injunction. Federal question jurisdiction is asserted on the basis of 28 U.S.C. § 1331 and § 1337. With the complaint the plaintiff filed a motion for preliminary injunction. The defendants filed a motion to dismiss on the grounds of lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. The parties agreed that the motions be heard simultaneously.

In October and November 1965 Local 1459, Retail Clerks International Union,

AFL-CIO, ("Retail Clerks") and Amalgamated Meat Cutters, Food Store and Allied Workers of North America, Local No. 33, AFL-CIO, ("Meat Cutters") filed petitions with the First Region of the Board seeking separate elections in separate stores of the plaintiff company. During 1964 the Retail Clerks conducted an election in a single unit of all employees of the plaintiff company and lost the election. Evidently the two stores to which the 1965 petitions were directed are those in which the petitioning unions consider they have the best chance of winning. All along the plaintiff employer has contended that the only appropriate bargaining unit is a single unit comprising all of its employees. After hearings the case was transferred on December 14, 1965 to the Board in Washington for decision, which issued on November 21, 1966. The decision directed elections in four separate units, the Meat Department employees at each of two stores and the Grocery Department employees at each of two stores. The Board ordered that the elections be held within a period expiring January 20, 1967. The plaintiff filed its complaint on December 9, 1966. A hearing originally scheduled for December 21, 1966 was postponed at the request of the parties until January 6, 1967.

The plaintiff asks in the complaint not that the decision of the Board be reviewed but rather that it be struck down as having been made in excess of the Board's delegated powers and contrary to the provisions of § 9(c) (5) of the National Labor Relations Act as amended, 29 U.S.C. § 159(c) (5), which provides

"In determining whether a unit is appropriate for the purposes specified in subsection (b) * * * the extent to which the employees have organized shall not be controlling."

The plaintiff contends that it is apparent from the Board's decision that it violated the Act by giving unacknowledged controlling effect to the extent to which the employees had organized and that it will suffer irreparable harm unless the court exercises its equity jurisdiction to enjoin the representation elections. The plaintiff further contends that the Board in its decision did not negate controlling reliance upon the extent of union organization and ignored evidence presented to it by the plaintiff to such a degree that its order was arbitrary and illegal.

In support of the decision, which is attached as an exhibit to the complaint, the defendants submit that it is a well-reasoned justification for establishing bargaining units limited to each of the two stores involved. They assert that while the Board recognized factors favoring a bargaining unit which would cover all four of the plaintiff's stores, it cited numerous other factors demonstrating the appropriateness of the units established. They point out that the Board found, among other things,

"that each of the two stores is self-contained and a distinct economic unit. In view thereof, and in the light of the geographical separation, the lack of substantial employee interchange, the absence of bargaining history at any of the stores, and the fact that no labor organization is seeking to represent employees on a broader basis, we find that separate units of employees at the Chicopee Falls and Willimansett stores are appropriate."

In the court's opinion, the complaint is in reality an action for review of the Board's determination despite the plaintiff's careful pleading which describes the Board's action as a violation of the Act and speaks in terms of striking down an order of the Board, thereby seeking to embrace the principle of Leedom v. Kyne, 1958, 358 U.S. 184, 188, 79 S.Ct. 180, 3 L.Ed.2d 210. But it is crystal clear from McCulloch v. Sociedad Nacional, 1962, 372 U.S. 10, 17, 83 S.Ct. 671, 9 L.Ed.2d 547 and Boire v. Greyhound Corp., 1963, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849, that the *Kyne* case is the exception which proverbially proves the general rule that the employer's remedy is a refusal to bargain collectively with an inappropriate unit, thereby in-

viting an unfair labor practice complaint as in N.L.R.B. v. Cumberland Farms, Inc., 1 Cir., 370 F.2d 54, decided Dec. 20, 1966, and that the exception is not to be enlarged. See also S. D. Warren Co. v. N.L.R.B., 1 Cir., 1965, 353 F.2d 494, Star Market Co. v. Alpert, D. Mass., 1964, 227 F.Supp. 459, and Suprenant Mfg. Co. v. Alpert, D. Mass., 1963, 219 F.Supp. 867, aff'd 1 Cir., 1963, 318 F.2d 396.

The court does not pass upon the merits of the Board's decision nor reach the question whether it meets the standards of validity and integrity stated in N.L.R.B. v. Metropolitan Life Ins. Co., 1964, 380 U.S. 438, 85 S.Ct. 1061, 13 L.Ed.2d 951; N.L.R.B. v. Purity Food Stores, Inc., 1 Cir., 1965, 354 F.2d 926, and similar decisions. It concludes simply that the *Kyne* exception is inapplicable because (1) there are no "extraordinary circumstances", Boire v. Greyhound Corp., supra, 376 U.S. at p. 479, 84 S.Ct. 894, (2) there has been no plain violation by the Board of an "unambiguous and mandatory" provision of the Act, Boire v. Miami Herald Publishing Co., 5 Cir., 1965, 343 F.2d 17, 21, and (3) there is available to the plaintiff another method of securing judicial review.

The plaintiff, concededly advancing a novel theory of jurisdiction, argues that adverse precedent is distinguishable on the ground that the Board in this case initially found that either the single-store units sought by the unions or the multi-store unit proposed by the employer would be appropriate bargaining units; and that in choosing between them, the Board must have decided on the basis of the extent to which the employees had organized, thereby violating § 9(c) (5). The court's short answer is that the statutory prohibition pertains to determinations of appropriateness, not to selection of one appropriate unit over another. But, the plaintiff counters, by raising a debatable question of law, viz., the proper construction of § 9(c) (5), the plaintiff's claim falls within the *Kyne* exception which, correctly under-

stood, permits judicial intervention for purposes of statutory construction though not for a review of the Board's findings of fact. The court disagrees. The plaintiff's theory ignores the teaching of the Supreme Court decisions cited and would enlarge the *Kyne* exception so much that it would dwarf the rule.

The plaintiff's motion for a preliminary injunction is denied and the defendants' motion to dismiss is allowed.