**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BOOT–STER MANUFACTURING COMPANY, Inc., Respondent.**

No. 18440.

United States Court of Appeals
Sixth Circuit.

Jan. 21, 1969.

Ronald Wm. Egnor, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, William Wachter, Atty., N.L.R.B., Washington, D. C., on brief, for petitioner.

Wilson Sims, Nashville, Tenn., for respondent.

Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

In this action the Board requests enforcement of an order based on findings that Boot-Ster Manufacturing Company violated Sections 8(a) (1), 8(a) (3), and 8(a) (5) of the National Labor Relations Act. The Board's findings and order are reported at 165 N.L.R.B. No. 47. The Board is not seeking enforcement of the bargaining provisions of the order because the union subsequently advised the regional director that it no longer wishes to represent the company's employees.

In N.L.R.B. v. Boot-Ster Manufacturing Company, 361 F.2d 325 (1966), this Court granted enforcement of a Board order based on findings of Sections 8(a) (1) and 8(a) (5) violations.

The order as it now stands stems from the Board's finding that employee Lewis was interrogated about his union sympathies and warned not to persist in his union activities. Shortly afterwards, he was discharged and the Board found that the discharge was motivated by Lewis's union activity.

Upon consideration, we are of the opinion that, while this Court might have reached a contrary result if it were authorized to make de novo findings, the Board's order is supported by substantial evidence. N.L.R.B. v. Interurban Gas Corp., 317 F.2d 724 (6th Cir. 1963).

Accordingly, enforcement of the Board's order with respect to Sections 8(a) (1) and 8(a) (3) violations is granted.