**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GROENDYKE TRANSPORT, INC., Respondent.**

**GROENDYKE TRANSPORT, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 8571, 150–69.

United States Court of Appeals Tenth Circuit.

Sept. 11, 1969.

Rehearing En Banc Denied Nov. 25, 1969.

---

Lynn D. Poole, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Michael F. Rosenblum, Attys., N. L. R. B., on the brief), Washington, D. C., for National Labor Relations Board.

Payne H. Ratner, Atty., Wichita, Kan., for respondent Groendyke Transport Inc.

Before MURRAH, Chief Judge, and PHILLIPS and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

## ON SUPPLEMENTAL PETITION FOR ENFORCEMENT OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD (No. 8571)

This is a proceeding to enforce a typical cease and desist and bargain upon request order of the National Labor Relations Board. Respondent does not deny failure to bargain with the union but asserts as a defense that the designated bargaining unit is not appropriate.

When this case was here in 372 F.2d 137, cert. denied 387 U.S. 932, 87 S.Ct. 2054, 18 L.Ed.2d 993, we upheld the validity of the representation election but remanded the case with directions to reconcile an apparent inconsistency of the Board in holding that a three terminal grouping was an inappropriate bargaining unit in 1951 and the instant finding that a single unit consisting of the Denver terminal employees of the same employer is now an appropriate bargaining unit. In the first enforcement proceeding, the Board did not attempt to distinguish the two situations or to reconcile the factual differences if any. We thought the integrity of the administrative process required it. And we

were unwilling to accept counsel's attempted ad hoc rationalization.

■ Upon reconsideration of all the proceedings on the whole record, the Board found no reason to modify the unit holding in this case. In arriving at that decision, the Board was careful to point out that the factors which militated against the three terminal grouping found inappropriate in the previous case are not present in this single terminal unit. Specifically, the Board found that the single terminal unit avoids the wide geographic separation existing in the 1951 proceeding, the Denver terminal does not experience frequent interchange of employees with other terminals, there is no system-wide scale for wages and the Denver terminal manager has substantial authority in matters of daily concern to the drivers.

These findings are supported by substantial evidence and afford a rational basis for distinguishing the two proceedings. The scope of our review as to the appropriateness of a bargaining unit has been met. And we sustain the Board's holding that a unit consisting of Groendyke's Denver drivers is appropriate.

■ Respondent pleads the six month statute of limitations. 29 U.S.C. Section 160(b). The argument runs like this: The Board's Supplemental Decision on remand was issued April 28, 1967. The duty to bargain commenced anew at that time. Enforcement was not sought for more than six months thereafter and is therefore barred. The contention is wholly without merit. Nothing more is involved than enforcement of a Board order after remand. And the six month limitation period has no application to a petition for enforcement.

■ Failing in the statutory limitations claim, respondent invokes the doctrine of laches. The obvious answer to this defense is that Groendyke could have sought review of the order. 29 U.S.C.

Section 160(f). It did not have to wait for the Board to act to contest this matter. The procedure for review was readily available. And Groendyke is not in a position to complain because the Board did not seek immediate enforcement.

■ It is further contended that respondent should have been allowed to show that the union no longer has a majority among the drivers at the Denver terminal. We do not agree.

A Board conducted election established the drivers' choice of the union as their bargaining representative. And Groendyke failed to bargain with that representative in violation of 29 U.S.C. Section 158(a) (5). As a remedial measure, the Board seeks to compel respondent to bargain with the union upon request.

In order to effectuate the policies of the Act, an employer may be ordered to bargain with a duly designated union without the necessity of a showing that the union has been able to maintain its majority status during the period of the employer's refusal to bargain. N. L. R. B. v. P. Lorillard Co., 314 U.S. 512, 62 S.Ct. 397, 86 L.Ed. 380. And cf. N. L. R. B. v. Gissel Packing Co., Inc., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547. To permit Groendyke to show the absence of a union majority would seriously impair the power of the Board to eradicate the effects of a refusal to bargain.

■ But the Order does not establish a permanent bargaining relationship. If, after the effects of the unfair labor practice have been dissipated by good faith bargaining, the employees wish to file a decertification petition, they may do so. Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020. The Order does no more than seek to create a climate for collective bargaining that would have existed in absence of Groendyke's unfair labor practice. And we cannot say that the chosen rem-

edy is inappropriate for the effectuation of the statutory requirement for good faith bargaining.

Enforcement granted.

ON PETITION TO REVIEW AND SET ASIDE AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD (No. 150-69)

■ This is a proceeding to review a ruling by the National Labor Relations Board dismissing a 9(c) petition for election filed after the Board ordered the petitioner to bargain with the union pursuant to an election upheld in the first Groendyke case, N. L. R. B. v. Groendyke Transport, Inc., 372 F.2d 137 (10th Cir.). Cert. denied 387 U.S. 932, 87 S.Ct. 2054. The dismissal was based on Board policy against entertaining a 9(c) petition while an unfair labor practice proceeding is pending against the employer. Groendyke asserts that this Board policy is contrary to the Administrative Procedures Act as construed in N. L. R. B. v. Wyman-Gordon, 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709. But respondent seeks to dismiss the appeal because the Board's action does not constitute a final order within the meaning of Section 10 (f). The appeal is dismissed on that ground.

This court has firmly held that rulings on Section 9(c) proceedings are interlocutory in nature and not directly reviewable in the courts. N. L. R. B. v. Ideal Laundry & Dry Cleaning, 330 F.2d 712 (10th Cir.); Furr's Inc. v. N. L. R. B., 350 F.2d 84 (10th Cir.). And that the proper method of review is in a proceeding under Section 10(e) or (f). The challenge to the Board's policy can come to issue only after the petitioner has bargained in good faith in compliance with the order of the Board which we enforce in N. L. R. B. v. Groendyke Transport, Inc., decided on this consolidated appeal.

Motion to dismiss granted.