NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

KELLER ALUMINUM CHAIRS SOUTH-
ERN, INC. and Keller Aluminum Lad-
ders Southern, Inc., Subsidiaries of Kel-
ler Industries, Inc., Respondents.

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

KELLER ALUMINUM CHAIRS SOUTH-
ERN, INC. and Keller Ladders South-
ern, Inc., Subsidiaries of Keller Indus-
tries, Inc., Respondents.

Nos. 28327, 28424.

United States Court of Appeals,
Fifth Circuit.

May 7, 1970.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore and David Rosenbaum, Attys., N. L. R. B., Washington, D. C., Clifford Potter, Director Region 23, N. L. R. B., Houston, Tex., for petitioner.

Joseph A. Caldwell, Miami, Fla., James R. Watson, Jr., Houston, Tex., for respondents.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

4.  Cf. Baker v. Wainwright, 422 F.2d 145 (5th Cir. 1970).

PER CURIAM.

These cases, which we consolidate for the purposes of this opinion, are before this Court on application of the National Labor Relations Board for enforcement of its orders directing the Keller companies to bargain with the United Steelworkers of America, AFL–CIO, to cease and desist from unfair labor practices, and to make back payments to five employees who had been discharged.

## I.

In Cause No. 28,424, the Board found that the Company violated Section 8(a) (5) and (1) by failing and refusing to bargain in good faith with the Union. The events leading to the issuance of that order were as follows: In an earlier proceeding the Board found that the Company had unlawfully assisted another union, Local 666[1] in organizing the Company's Caldwell, Texas plants, which are the plants involved in the present cases. The Board ordered the Company to cease and desist from giving effect to existing contracts with Local 666 and to withhold all recognition from it unless the union shall have demonstrated its representative status in a Board-conducted election. In June of 1967, after issuance of that order, Local 666 participated in an election directed by the Board in which the Steelworkers received a majority of the votes cast, and the Board certified the Steelworkers as the majority representative of the Company's chair and ladder plant employees in Caldwell, Texas.

Thereafter the Company refused to bargain with the Steelworkers. The Company maintains that is is justified in not bargaining with the Steelworkers because the election won by the Steelworkers was conducted while there was an outstanding 8(a) (2) order against the Company and one of the parties to the election, Local 666. The Company complains that the 8(a) (2) order "tainted" Local 666, thus giving the Steelworkers an unfair advantage in the election. The argument is without merit.

In Carlson Furniture Industries, Inc., 157 NLRB 851 (1966), the Board announced that it would conduct an election despite pending Section 8(a) (2) charges, in appropriate cases, where the charging union agrees that the allegedly assisted union may appear on the ballot, that if a majority of the ballots are cast in a valid election for that union, it may be certified, and that if that union is certified no further action need be taken on the Section 8(a) (2) charges. That policy was followed here.

■■ The question in a case such as this is whether the possibility of undesirable consequences overwhelms the obvious advantages of securing an early resolution of the "question concerning representation of the * * * employees." Carlson, supra, 157 NLRB at 853. Such a determination falls within the Board's discretion in fulfilling its functions under Section 9(c) of the National Labor Relations Act, see NLRB v. Wyman-Gordon Co., 1969, 394 U.S. 759, 767, 89 S.Ct. 1426, 22 L.Ed.2d 709; NLRB v. A. J. Tower Co., 1946, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322, including the selection of a proper time for holding an election. See Surprenent Mfg. Co. v. Alpert, 1st Cir.1963, 318 F. 2d 396, 399. The Board's Carlson policy, as applied in this case, does not constitute an abuse of that discretion. Since the Board did not abuse its discretion in conducting the representation election in June of 1967, the Board's order directing the Company to bargain with the certified bargaining representative, the Steelworkers, is to be enforced.

## II.

■ In Cause No. 28,327, the Board found that the Company had violated Section 8(a) (3) and (1) of the Act by

[1]. Local 666, Concrete Products & Material Yard Workers' Union, Allied Industries Division, International Hod Carriers' Building and Common Laborers' Union of America, AFL–CIO.

unlawfully discharging five of its employees. The Company objects to the amount of back pay that the Board ordered for those employees. After a careful review of the record, however, we are convinced that there was substantial evidence to uphold the Board's findings as to the amount of back pay due the five claimants and therefore we hold that the Board's order should be enforced.