**GROENDYKE TRANSPORT, INC.,**
Petitioner-Cross-Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent-Cross-Petitioner.

No. 29475.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1971.

Rehearing Denied and Rehearing En Banc Denied April 15, 1971.

Payne Ratner, Ratner, Mattox, Ratner, Ratner & Barnes, Wichita, Kan., Martin Harris, Clark, Thomas, Harris, Denius & Winters, Austin, Tex., for petitioner-cross-respondent.

Elmer P. Davis, Director, Region 16, N.L.R.B., Fort Worth, Tex., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Elliott Moore, Atty., N. L. R. B., Washington, D. C., for respondent-cross-petitioner.

L. N. D. Wells, Jr., Mullinax, Wells, Mauzy & Collins, Dallas, Tex., for intervenor, Southern Conference of Teamsters.

Before JONES, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

The Petitioner, Groendyke Transport, Inc., is a motor carrier doing business in all of the States of the United States except Alaska and Hawaii. It has a substantial number of terminals, some of which are situated in the States of Oklahoma, Texas and Louisiana. These States comprise the territorial jurisdiction of the intervenor, Southern Conference of Teamsters. The Union carried on an organizational campaign at the terminals within its jurisdiction. Over objections of Groendyke, it was held by a Regional Director that terminals of Groendyke were appropriate bargaining units for its drivers. Elections were held and some were won by the Union while others were lost by the Union.

The Board entered its order directing Groendyke to bargain with the Union in those terminals where the Union had won the elections. The Board charges Groendyke with violating § 8(a) (5) and (1) of the National Labor Relations Act and seeks enforcement of its order. Groendyke urges that the Board's decision and order sanction piecemeal unionism which, it insists, is not only unauthorized but is contrary to the purpose and spirit of the Act. Groendyke raised the same question before the Tenth Circuit in National Labor Relations Board v. Groendyke Transport, Inc., 10th Cir. 1969, 417 F. 2d 33, cert. den. 397 U.S. 935, 90 S.Ct. 944, 25 L.Ed.2d 116. Groendyke urges that the factual differences between the Tenth Circuit case and this case are such as require a different disposition here than was made in the cited case. Factual differences are present but are not such as to require a different result. We are in agreement with the Board's conclusion that the terminals are appropriate bargaining units.

Other less significant issues are raised by Groendyke, none of which requires the overturning of the Board's decision. Its findings are supported by substantial evidence on the record as a whole. Its conclusions are declaratory of the applicable legal principles.

The order of the Board will be enforced.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.