**NATIONAL LABOR RELATIONS BOARD, Petitioner-Appellant,**

v.

**ALTERMAN TRANSPORT LINES, INC.,** Respondent-Appellee.

No. 71–2548.

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1972.

but in San Francisco at the Glen Park branch, is that clear? If there are any questions, I will be glad to clear it up for you."

---

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Harold A. Boire, Director, Region 12, N.L.R.B., Tampa, Fla., Vivian Asplund Miller, Atty., N.L.R.B., Washington, D. C., Peter G. Nash, Gen. Counsel, Allison W. Brown, Jr., Atty., N.L.R.B., for petitioner-appellant.

Granville M. Alley, Jr., Tampa, Fla., William R. Radford, Michael E. Merrill, Radford & Merrill, P. A., Miami, Fla., for respondent-appellee.

Before TUTTLE, MORGAN and RONEY, Circuit Judges.

## PER CURIAM:

This is an enforcement proceeding brought against an interstate trucking operation to enforce an Order to Bargain issued by the National Labor Relations Board for violations of Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act. An affiliate of the Teamsters Union was certified by the Board as the exclusive bargaining representative of certain of respondent's employees following a Board election. Since certification, the company has consistently refused to bargain with the union.

The company asserts that its refusal to bargain is not unlawful and presents several objections to both the Board's determination of the appropriate unit and the holding of the representation election. After careful consideration we find that the contentions of the company are without merit. One of the company's claims, that dealing with unit determination, warrants some further comment.

It has long been axiomatic that the National Labor Relations Board has wide discretion in the selection of the appropriate bargaining unit and that a decision by the Board will not be disturbed unless arbitrary or capricious. NLRB v. Jones & Laughlin Steel Corp., 331 U.S. 416, 67 S.Ct. 1274, 91 L. Ed. 1575 (1947); Packard Motor Car Co. v. NLRB, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); May Department Stores Co. v. NLRB, 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145 (1945); NLRB v. Li'l General Stores, 5 Cir. 1970, 422 F.2d 571. Clearly here it is within the Board's discretion to rule that units at single terminals are more appropriate than the statewide unit sought by the company. Groendyke Transport, Inc., 171 NLRB No. 143, enforced 5 Cir. 1971, 438 F.2d 981.

Respondent Alterman's primary claim for an abuse of discretion in this case rests on the fact that this latest unit determination by the Board conflicts with an earlier determination involving the Teamsters and Alterman. In 1960 the NLRB held that the appropriate bargaining unit for one of respondent's terminals consisted of *all* the drivers operating from that terminal. This included both local drivers and over-the-road (salaried and owner-operated) drivers in the same unit. In 1964 the Regional Director, Region 12, entered an administrative decision again holding that both driver groups should be included in the proposed unit. Determination of such a unit in both instances resulted in a dismissal of the representation petition for lack of a sufficient showing of interest.

On October 3, 1967, the local affiliates of the Teamsters again filed a representation petition covering separate units at three of respondent's terminals. Again, a major controversy arose as to inclusion of the over-the-road drivers. The union sought to represent only certain local employees. The NLRB held full and complete hearings into this matter with both the company and the union presenting numerous witnesses and amassing a voluminous record.[1] On Au-

---

1. The hearing began on November 27, 1967, and continued on various dates until June 30, 1968. The transcript of this hearing totals almost 7,000 pages.

gust 15, 1969, the NLRB announced the appropriate unit as consisting of local drivers and certain other local employees, but excluding the over-the-road drivers. The union was victorious in an election held for this unit on September 9, 1969. As noted, the company has consistently refused to bargain with the union since certification.

 There is no rule which prevents the redetermination of material facts by the NLRB, especially after the passage of a number of years. Furthermore, it is clearly *not* required that the Board's policies and standards be unchangeable since it must meet changing conditions by corresponding changes in standards and policies. NLRB v. Kostel Corp., 7 Cir. 1969, 440 F.2d 347, 350. Here the Board undertook lengthy · factfinding hearings to serve as a basis for its decision. The Board entered a detailed opinion setting forth its reasons for the exclusion or inclusion of each classification of employees in question. A careful study of the facts and opinion shows that the Board weighed the various factors it normally considers in determining the scope of a bargaining unit. Based on the record before the Board, it cannot be said that it was an abuse of discretion to find that these two groups of drivers have a separate community of interests, justifying separate bargaining units.

 The company also contends that the Board has allowed the extent of union organization to control its determination. The Board did not mention this factor in its opinion but it is well settled that the Board could have given weight to this factor had it so chosen. NLRB v. Metropolitan Life Insurance Co., 380 U.S. 438, 441–442, 85 S.Ct. 1061, 13 L. Ed.2d 951 (1965). The Board's determination is clearly not void merely because it coincides with the extent of organization. Howell Refining Co. v. NLRB, 5 Cir. 1968, 400 F.2d 213, 215.

Respondent's other contentions have been considered and are felt to be without merit. The findings of the Board are supported on the record considered as a whole and its conclusions reflect the applicable legal principles.

The order of the Board will be enforced.

Enforced.