382 F.2d 374
 William P. LA PLANT et al., Appellants,
v.
Frank W. McCULLOCH, Chairman, Boyd Stewart Leedom, John H. Fanning, Gerald A. Brown, Howard Jenkins, Jr., Being the Members of and Constituting the National Labor Relations Board, and the National Labor Relations Board, Local 400, International Union of Electrical, Radio and Machine Workers, AFL-CIO, International Telephone & Telegraph Federal Laboratories.
 No. 15609.
 United States Court of Appeals Third Circuit.
 Argued March 28, 1967.
 Decided July 31, 1967.
 
 Vincent J. Apruzzese, Newark, N. J. (Kapelsohn, Lerner, Leuchter & Reitman, Newark, N. J., Sidney Reitman, Newark, N. J. on the brief), for appellants.
 Solomon I. Hirsh, N. L. R. B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Robert B. Schwartz, Atty., N. L. R. B., on the brief), for appellees.
 Before HASTIE and SEITZ, Circuit Judges, and BODY, District Judge.
 PER CURIAM.
 
 
 1
 This is a companion case to International Telephone and Telegraph Corp. v. NLRB, 382 F.2d 366, also decided today. In that case we mentioned the fact that certain professional employees of I. T. & T. had filed a petition with the National Labor Relations Board seeking the decertification of Local 400, International Union of Electrical, Radio and Machine Workers, AFL-CIO, as representative of their bargaining unit. However, the Board dismissed the petition because unfair labor practice charges (the subject of today's companion decision) by Local 400 against the employer were pending.
 
 
 2
 Thereupon, the unsuccessful employee petitioners filed the present suit in the district court seeking a declaratory ruling that the original certification of their mixed engineer-technician unit was illegal and void under 29 U.S.C. § 159(b) (1) or, in the alternative, an order directing the Board to go forward with such a decertification hearing and election as the Board had refused to conduct on the plaintiffs' petition.
 
 
 3
 The record shows that, four days prior to the institution of this action below, the appellants' counsel was invited by the trial examiner, assigned to hear the unfair labor practice charges, to intervene in the pending administrative proceeding on behalf of the professional employees. A major issue in that proceeding was whether or not the engineer-technician unit was lawfully constituted, the very issue that concerned the appellants and was thereafter made the basis of this suit. Counsel for the appellants refused to participate in those hearings.
 
 
 4
 In view of the fact that appellants had an available forum, the National Labor Relations Board, in which to litigate the matter of which they complained, with a right to review by this court, the Supreme Court's decision in Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, upon which the appellants rely, does not support the claimed jurisdiction of the district court to entertain this complaint. In these circumstances, the judicial forum could not properly be substituted for the administrative. Hence, the dismissal of the action by the district court was proper.
 
 
 5
 This decision in no way affects the right of the appellants to seek the removal of the union as their bargaining representative by filing another decertification petition under 29 U.S.C. § 159(c) (1) (A) (ii) after the unfair labor practices shall be remedied.
 
 
 6
 The order of the district court will be affirmed.