**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ATHBRO PRECISION ENGINEERING CORP., Respondent.**

No. 7420.

United States Court of Appeals, First Circuit.

Heard Jan. 6, 1970.

Decided Feb. 6, 1970.

Memorandum and Order March 12, 1970.

Warren M. Davison, Attorney, Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Linda Sher, Atty., Washington, D. C., were on brief, for petitioner.

Harold N. Mack, Boston, Mass., with whom Morgan, Brown, Kearns & Joy, Boston, Mass., was on brief, for respondent.

Before ALDRICH, Chief Judge, WOODBURY * Senior Circuit Judge, McENTEE, Circuit Judge.

ALDRICH, Chief Judge.

The ultimate question in this Section 8(a) (5) and (1) case is the validity of the NLRB's certification of a union election in a Massachusetts company, Athbro Precision Engineering Corporation, respondent herein. The Board originally set the election aside because, during a recess between voting, the Board agent in charge drank beer with the union representative in a public cafe, contrary to Board instructions. Because they were not seen by any employee who had not voted, the Regional Director found no prejudice, and certified the results of the election. The Board reversed.. 166 N.L.R.B. No. 116, Aug. 1, 1967. It held that procedures should not only be fair, but must have the appearance of fairness, and that unilateral fraternization at that particular moment was a violation of the latter principle.

The union then sought and obtained an injunction in the District Court for the District of Columbia, ordering the Board to certify the election. IUE v. NLRB and Athbro Precision Eng'r Corp., Intervenor, 1968, 67 L.R.R.M. 2361, 57 LC ¶ 12,440. The court followed the reasoning, more fully developed in the earlier decision in Bullard Co. v. NLRB, D.C.D.C., 1966, 253 F.Supp. 391, that this was a Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L. Ed.2d 210, situation short-cutting the Board's immediate full autonomy with eventual review by the Court of Appeals pursuant to section 10(f) of the Act. 29 U.S.C. § 160(f).

In Leedom v. Kyne, the Board, after finding that certain employees were not professionals, nevertheless included them in a professionals' bargaining unit in obvious contravention of the prohibition of section 9(b) (1), 29 U.S.C. § 159(b) (1). The Court held that the district court had power to correct the error because the Board had gone beyond its "jurisdiction" by acting contrary to a "specific" and "clear" prohibition of the Act. 358 U.S. at 188, 79 S.Ct. 180. The *Kyne* decision is narrowly limited to cases where the Board has clearly violated a specific statutory command. Consolidated Edison Co. v. McLeod, S.D.N.Y., 1962, 202 F.Supp. 351, affirmed, 302 F. 2d 354; Greensboro Hosiery Mills, Inc. v. Johnston, 4 Cir., 1967, 377 F.2d 28; Herald Co. v. Vincent, 2 Cir., 1968, 392 F.2d 354, 357. *Cf.* Boire v. Greyhound Corp., 1964, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849. The district court's opinion paid homage to this standard, holding that "[t]he Board's refusal to certify the results of the May 3 representation election violates the plain and mandatory provisions of Section 9(c) (1) of the Act, which directs the Board to certify the results of such representation elections." IUE v. NLRB, *supra*, 57 LC at p. 20, 814.

---

* Sitting by designation.

■ We do not share the court's confidence. The Board's role in overseeing elections is not limited to mere ballot-counting. It has broad discretion in the establishment of procedures and safeguards to insure fairness. NLRB v. A. J. Tower Co., 1946, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322. We cannot think that the Board, any less than a court, is uninterested in maintaining, as well as fairness, the appearance of fairness. The Board's public image provides the basis for its existence. The re-running of an occasional election is a small price to pay for the preservation of public respect. *Cf.* Delta Drilling Co. v. NLRB, 5 Cir., 1969, 406 F.2d 109. The union was peculiarly in no position to complain, since its representative participated in the improper conduct.

Nonetheless the Board, although it had made the correct decision, and had properly opposed the jurisdiction of the district court, concluded not to appeal, but to recognize the order as the "law of this case." 171 N.L.R.B. No. 4, April 24, 1968. In support of its position Board counsel argues, first, that the Board could not safely ignore a decree of court. We would have more sympathy with this if the Board had appealed, and lost. Any present embarrassment is of its own making.

■ Next, the Board argues that the district court judgment was binding in any event, the respondent employer having intervened as a party. If the jurisdiction of the district court had depended upon a question of fact, only in the rarest exception would any party who had litigated that fact, and lost, not be bound by the judgment. Durfee v. Duke, 1963, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186. Within ordinary limits this is true even as to subject matter jurisdiction depending on questions of law. Stoll v. Gottlieb, 1938, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. IB Moore's Federal Practice ¶ 0.405 [4.–1]; Developments in the Law: Res Judicata, 65 Harv.L.Rev. 818, 853–55 (1952). There are, however, limits. In particular instances "the policy underlying the doctrine of res judicata is outweighed by the policy against permitting the court to act beyond its jurisdiction." Restatement of Judgments, § 10 (1942). *Cf.* Kalb v. Feuerstein, 1940, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370. Having in mind the clear purpose of achieving expedition which led Congress to entrust election certification to the Board and to deny the jurisdiction of the district court, *see, e. g.,* Greensboro Hosiery Mills, Inc. v. Johnston, *supra,* this seems to us just the sort of case where the court's assumption of jurisdiction countered Congressional policy.

There is, however, one further factor. Well within the appeal period the Board notified the employer that it was prepared to accept the determination of the district court. It was open to the employer, as an intervenor, to appeal, Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L. Ed. 1230, 167 A.L.R. 110, but it did not do so. While the Board agent had been wrong, his misconduct was not egregious. Under the new circumstances of the district court injunction we do not think it insupportable for the Board to decide to certify the election unless the employer chose to take further steps, even if the district court decision was incorrect. It would certainly be more orderly, and presumably more expeditious, for the employer to appeal directly to the District of Columbia Circuit, than to go through the Board again, and ultimately to this Circuit, on a refusal to bargain case.

■ Within limits the Board has discretion to certify an election or require a new one. In deciding what to do it can take into account a variety of policy considerations, including the disruption caused by additional controversy and delay. We find no abuse of discretion. What we might have decided had the employer appealed and lost is another matter.

The order will be enforced.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## MEMORANDUM and ORDER

### PER CURIAM.

 It being apparent that a petition for *certiorari* may postpone final disposition for many months, see, e. g., Riverside Press, Inc. v. NLRB, 415 F.2d 281, 5 Cir. 6/17/69, cert. denied 2/24/70, and Board cases being matters in which Congress has called for expedition, 29 U.S.C. § 160(i), this court proposes to provide in cases in which it considers that the issues raised are sufficiently insubstantial to indicate no reasonable likelihood that *certiorari*, if applied for, would be granted, that its order enforcing the order of the Board becomes fully effective 21 days from its date unless within that time a stay is granted by the Circuit Justice. We announce this intention in the instant case simply as a matter of record because, since our concluding to do so, we have been informed that *certiorari* is not to be sought.