**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOWELL CORRUGATED CONTAINER CORPORATION, Respondent.**

No. 7568.

United States Court of Appeals,
First Circuit.

Sept. 30, 1970.

Allison W. Brown, Jr., Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, were on brief, for petitioner.

Harold N. Mack, with whom Morgan, Brown, Kearns & Joy, Boston, Mass., was on brief, for respondent.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

By the usual method of refusing to bargain and resisting a section 8(a) (5) unfair labor practice charge, respondent employer seeks to question a union certification following a consent election. It claims, as it must, that the Regional Director, in ignoring its objections to the election, had been arbitrary and capricious, or had failed to follow Board policy or the Act, Delta Drilling Co., 1968, 169 N.L.R.B. No. 93; Delta Drilling Co. v. NLRB, 5 Cir., 1969, 406 F. 2d 109; cf. NLRB v. Chelsea Clock Co., 1 Cir., 1969, 411 F.2d 189, 192. The respondent asserts, in particular, the inadequacy of the Notice of Election and of the ballot. The choices on the sample ballot in the Notice, and on the ballots themselves, were only in English, although many of the employees read and spoke only Spanish. All else was in both languages. Furthermore, two of the employees read and spoke only Portuguese; they were, however, given an oral explanation. Additionally, respondent complains that the trial examiner, by refusing to consider evidence that had been before the Regional Director, did not review the basis of the Director's findings so as to apply the Delta Drilling Co. test of arbitrariness.

We enforce the order of the Board, but for a special reason. If we correctly understand its principal brief as implying that because the Board's Decision and Order, 1969, 177 N.L.R.B. No. 44, recites that the Board had reviewed the entire record, it had considered substantively (sub silentio) the excluded evidence, we cannot agree. In its decision the Board recited that it affirmed all of the trial examiner's rulings. These rulings must have included his refusal to look behind the Regional Director's decision. Moreover, in its reply brief, the Board states that "the Examiner properly excluded [the] evidence." By this, and by its quotation of our condemnation of relitigating in Baumritter Corp. v. NLRB, 1 Cir., 1967, 386 F.2d 117, at 121, seemingly the Board is arguing as a general principle that the ex-

aminer's only duty is to consider, on a proper occasion, new evidence offered by the employer.

We do not agree that the Board reviewed the rejected matter. Nor do we agree that there is no general duty to do so. Somewhere, sometime, someone must review the basis of the Regional Director's decision to ascertain whether in fact it was arbitrary, or in violation of Board policy or the Act. If the Board is here claiming that it, rather than the trial examiner, does so, we must find that its pro forma decision affirming the examiner's findings and rulings neither recognizes such a duty, nor indicates its performance.

However, review to determine arbitrariness may not require all of the evidence. The present case falls in that category: enough appears to show as matter of law that respondent must fail. In claiming inflexible language requirements for ballots respondent overstates Board policy. Fibre Leather Mfg. Corp., 1967, 167 N.L.R.B. 393; Thomas A. Nelson, d/b/a Trio Metal Cap Co., 1967, 168 N.L.R.B. No. 105. But more important, the inescapable fact is that there was full knowledge of the coming election, and the notices, with sample ballots, were posted for the customary week. During this period the respondent and the second union, which lost the election, were silent as to employee problems in understanding the choices offered. Their failure to object may be termed laches, or perhaps, preferably, compelling evidence that the proposed procedure was sufficient. Certainly, when this silence was added to the evidence of oral explanation to the Portuguese employees, it was no longer possible for respondent to meet its heavy burden of faulting the Regional Director for lack of substantial evidence. Further exploration under these circumstances was unnecessary.

The order of the Board will be enforced. Since, in our opinion, a petition for certiorari would raise only factual issues and be frivolous, this order shall become fully effective in accordance with our rule announced in NLRB v. Athbro Precision Engineering Corp., 1 Cir., 1970, 423 F.2d 573, 576, 21 days from the date hereof. On the other hand, we do not think that the Board deserves costs. No costs to either party.