**CATALYTIC INDUSTRIAL MAINTE-NANCE CO., Plaintiff,**

v.

**Raymond J. COMPTON, Regional Director of the Twenty-Fourth Region of the National Labor Relations Board, and as Agent of the National Labor Relations Board, and the National Labor Relations Board, Defendants.**

Civ. No. 567–71.

United States District Court,
D. Puerto Rico.

Sept. 29, 1971.

Lopez-Lay, Vizcarra & Escanellas, San Juan, P. R., for plaintiff.

Vincent M. Rotolo, Regional Atty., National Labor Relations Board, Hato Rey, P. R., for defendants.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

FERNANDEZ-BADILLO, District Judge.

On August 5, 1971, plaintiff filed its complaint requesting this Court to review and set aside determinations made by the National Labor Relations Board during the course of a representation proceeding. Defendants moved to dismiss the complaint on the ground that this Court lacked jurisdiction over the subject matter of the action. On September 17, 1971, a hearing was held at which time an opportunity was extended to all parties to outline their positions. Upon full consideration, the Court makes the following:

## FINDINGS OF FACT

1. On September 25, 1970, the Union Boilermakers, District 3 of Puerto Rico, AFL-CIO filed a representation petition in Board Case No. 24–RC–4205 pursuant to Section 9 of the National Labor Relations Act, seeking thereby to represent a unit of maintenance and service employees at plaintiff's Peñuelas project.

2. On October 9, 1970, following intervention in the representation proceeding by the Oil, Chemical and Atomic Workers, International Union, AFL-CIO, (hereinafter "OCAW"), the defendant Regional Director approved a Stipulation for Certification Upon Consent Election agreement which provided for an election to be held at plaintiff's premises.

3. On December 4, 1970, the scheduled election was conducted and resulted in a tally of the ballots showing that of the 49 eligible voters 33 cast their ballot for the OCAW, 0 for the Boilermakers, 7 against the participating unions, and 26 ballots were challenged.

4. On February 1, 1971, plaintiff filed timely objections to conduct affecting the results of the election, alleging that on the day before, during, and immediately following the election, several of its employees were coerced and threatened with bodily harm by employee-members of the OCAW.

5. On May 7, 1971, following a full administrative investigation on the objections, the Regional Director issued his Report recommending that the objections be overruled in their entirety on the ground that, even assuming that the alleged threats were in fact made, "the employees who made the remarks were not acting as agents of either the [Boilermakers] or the [OCAW]."

6. On July 30, 1971, the Board, acting upon plaintiff's exceptions to the Regional Director's Report and Recommendation, issued its decision affirming the Regional Director and certifying the OCAW as the exclusive representative of plaintiff's employees in the appropriate unit.

7. On August 5, 1971, plaintiff filed the complaint in the instant case requesting this Court to compel defendants to (1) hold a hearing on its objections, or (2) to set aside the December 4 election and to conduct a new one, or (3) to prohibit defendants from receiving or investigating any unfair labor practice charge or from issuing any unfair labor practice complaint which was based upon the certification of the OCAW.

8. On August 6, 1971, plaintiff served upon defendants a "Request for Production of Documents" requesting de-

fendants to produce for inspection and copying on September 20, 1971:

> Such records of the National Labor Relations Board as appear in its files in NLRB Case No. 24–RC–4205, particularly with relation to the investigation undertaken with respect to "Objections to the Election and to Conduct Affecting Results of the Election" filed by the employer plaintiff Catalytic therein on Februray 1, 1971, including all affidavits, notes of statements of witnesses, leaflets, correspondence and other evidence secured in the investigation, and all reports summarizing or analyzing the results of the investigation, from February 1, 1971 to date.

9. On August 6, 1971, plaintiff also served defendants with notices of taking deposition on September 20, 1971, to take the oral testimony of defendant Raymond Compton and N.L.R.B. Attorney Wilfred Sykora with notice to them to appear with the same records requested in the "Request for Production of Documents."

10. On August 9, 1971, plaintiff served a subpoena for taking deposition on Attorney Sykora requesting him to appear on September 20, 1971, with the records described above.

11. On August 17, 1971, defendants, pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, objected to the subpoena on the ground that it sought privileged matters within the meaning of Rule 26(b).

12. On August 24, 1971, the General Counsel of the National Labor Relations Board issued an unfair labor practice complaint alleging that plaintiff violated Section 8(a) (5) and (1) of the Act by refusing to bargain with the OCAW (Board Case No. 24–CA–3063).

13. On August 31, 1971, plaintiff filed its motion for an order under Rule 45(d) directing that Attorney Sykora comply with the subpoena for taking depositions.

14. On September 1, 1971, plaintiff filed a motion for a Show Cause Order why the unfair labor practice proceeding (24–CA–3063) should not be stayed and a temporary restraining order be granted.

15. On September 8, 1971, defendants opposed plaintiff's motion for an order to show cause on the ground that a federal district court is without jurisdiction to restrain the Board from proceeding in an unfair labor practice case.

16. On September 10, 1971, defendants filed a Motion for a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure. Defendants sought an order directing that depositions and production of documents sought by plaintiff not be had pending this Court's determination on defendants' motion to dismiss the action. Defendants relied on the settled principle that a federal district court has the power to dismiss for lack of jurisdiction at any time [Harmon v. Superior Court of California, 307 F.2d 796, 797–798, (C.A.9, 1966); 2A Moore, Federal Practice, Sec. 12–23, at 2456–2461 (2nd Ed., 1970); 1A Barron & Holtzoff, Federal Practice and Procedures, Sec. 352] and that when, as here, subject matter jurisdiction is clearly lacking, it may do so without first permitting discovery. 4 Moore, *supra*, Federal Practice, Sec. 26–69 at 26–504, Sec. 26.70(2) at 26–520. In the alternative, defendants urged that discovery not be permitted on the ground that the information sought is subject to a governmental privilege against disclosure preserved by Subsections (b) (5) and (7) of the Freedom of Information Act, 5 U.S.C. Sec. 552. See Barceloneta Shoe Corp. v. Compton, 271 F.Supp. 591, 592–593 (D.P.R., 1967); Clement Brothers Co. v. N. L. R. B., 282 F.Supp. 540, 542 (N.D.Ga., 1968) approved 407 F.2d 1027, 1031 (C.A.5, 1969); Evans v. Dept. of Transportation, 446 F.2d 821 (C.A.5, 1971); Davis v. Braswell Motor Freight Lines, 363 F.2d 600, 603–605 (C.A.5, 1966); Braniff Airways, Inc. v. C. A. B., 126 U.S.App.D.C. 399, 379 F.2d 453, 460–461 (1967); International Paper Co. v. F. P. C., 438 F.2d 1349, 1358–1359 (C.A.2, 1971). For the same reasons, defendants also filed on September 10, 1971, its Opposition to Plain-

tiff's Motion, under Rule 45(d) for an Order enforcing subpoenas, and its Response to Plaintiff's Request for Production of Documents pursuant to Rule 34(b).

17. On September 17, 1971, at the hearing, the Court ruled that all discovery sought by plaintiff be stayed pending the Court's determination on defendants' motion to dismiss plaintiff's action in its entirety for lack of subject matter jurisdiction.

## CONCLUSIONS OF LAW

■ 1. It is well settled that Board rulings in representation proceedings are not reviewable by federal district courts, but may be reviewed only in Courts, of Appeals under Section 10(e) and (f) of the National Labor Relations Act, if and when they form the basis of a subsequent unfair labor practice proceeding. This policy of "non-reviewability" is based upon the explicit Congressional mandate that representation proceedings be expeditiously resolved and that employee collective rights attendant thereto be effectuated free of time-consuming delays which would necessarily flow from direct judicial review. Boire v. Greyhound Corp., 376 U.S. 473, 476–479, 84 S.Ct. 894, 11 L.Ed. 2d 849 (1969); S. D. Warren Co. v. N. L. R. B., 353 F.2d 494, 496 (C.A.1, 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 300; N. L. R. B. v. Athbro Precision Engineering Corp., 423 F.2d 573, 574–575 (C.A.1, 1970); Supprenant Mfg. Co. v. Alpert, 318 F.2d 396, 399 (C.A.1, 1963); La Plant et al. v. McCulloch, 382 F.2d 374 (C.A.3, 1967), cert. denied, Professional Emp. of I. T. T. Federal Laboratories v. McCulloch, 389 U.S. 1039, 88 S.Ct. 777, 19 L.Ed.2d 829; Modern Plastics Corp. v. McCulloch, 400 F.2d 14 (C.A.6, 1968); Star Market Co. v. Alpert, 227 F.Supp. 459 (D.Mass., 1964), vacated as moot, 56 LRRM 2638 (C.A.1, 1964).

■ 2. An aggrieved party may, of course, obtain ultimate review of the representation issues, but only after the election proceedings have terminated and the orders issued therein have given rise to a subsequent related unfair labor practice case. Boire v. Greyhound Corp., *supra*, 376 U.S. at 476–477, 84 S.Ct. 894; S. D. Warren Co. v. N. L. R. B., *supra*, 353 F.2d at 496. Thus, any objection an employer may have regarding the Board's handling of a representation proceeding, including plaintiff's claim herein that the Board improperly refused to hold a hearing on its objections, may be raised by refusing to bargain with the certified union. For such a refusal is presumptively unlawful under Section 8(a) (5) and (1) of the Act and, under Sections 8 and 10, would trigger an unfair labor practice proceeding in which the primary issue for both the Board and the reviewing Court of Appeals would be the validity of the certification. Although this "indirect method of obtaining judicial review imposes significant delays upon attempts to challenge [representation rulings] * * * is obvious that Congress intended to impose precisely such delays" (Boire v. Greyhound Corp., *supra*, 376 U.S. at 477–478, 84 S.Ct. at 897) in order to provide a speedy resolution of employee choice.

■ 3. In the instant case plaintiff attempts to circumvent this long established review procedure to which it has full access and to obtain direct and immediate district court intervention in a Board representation action. Plaintiff thus relies upon two extraordinary exceptions to the general rule of non-reviewability announced in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed. 2d 210 (1958), and Fay v. Douds, 172 F.2d 720 (C.A.2, 1949).

■ In *Kyne*, the Supreme Court held only that district court review might be permitted in the exceptional situation where the Board acted in direct contravention of a clear and specific statutory mandate. See N. L. R. B. v. Athbro, *supra*, 423 F.2d at 574. Here, plaintiff argues that the Board's refusal to hold a hearing on its objections amounts to a violation of an express statutory mandate. However, there is no statutory requirement that a hearing on objections be held. Baumritter Corp. v.

N. L. R. B., 386 F.2d 117, 118–121 (C.A. 1, 1967); N. L. R. B. v. O. K. Van Storage Inc., 297 F.2d 74, 75 (C.A.5, 1961). Rather, the post-election hearing on objections is merely a product of the Board's own Rules and Regulations (102.69(c), 29 C.F.R. § 102.69(c)) which cannot be elevated to the status of an express statutory mandate for the purposes of Leedom v. Kyne.

Plaintiff further contends that the Board's refusal to conduct a hearing deprived it of due process of law, warranting district court intervention under the doctrine set forth in Fay v. Douds. That case has been construed to permit such extraordinary review where the showing of deprivation of constitutional rights is "strong and clear". McCulloch v. Libbey-Owens-Ford-Glass Co., 131 U.S.App.D.C. 190, 403 F.2d 916, 917 (1968). Here plaintiff fails to make such a showing since there is no general requirement, Constitutional or otherwise, for a post-election hearing on objections.

■ Accordingly, to the extent that plaintiff's complaint seeks review of the Board's determination not to hold a hearing on objections, plaintiff's only proper course is to refuse to bargain with the OCAW and raise the representation issues in the subsequent unfair labor practice case. If plaintiff is correct in its basic assertions that a hearing is warranted, it is for the Court of Appeals upon ultimate review and not the district court to so hold.

■ 4. Nor does this Court have jurisdiction over plaintiff's efforts both by its complaint and by its motion for an order to show cause to enjoin the Board from proceeding in the unfair labor practice case (24–CA–3063). This issue was settled in the case of Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), wherein the Supreme Court held that the federal district courts are without jurisdiction to restrain the National Labor Relations Board from prosecuting an unfair labor practice case. Rather, the Court determined, the exclusive method for obtaining judicial review of any aspect of an unfair labor practice case is provided in Section 10(e) and (f) of the Act, which permits such review in the Courts of Appeals following the issuance of a final order by the Board (id., at 48–52, 58 S.Ct. 459). Accord: Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646; Bokat v. Tidewater Equipment Co., 363 F.2d 667, 671–673 (C.A.5, 1966); Chicago Automobile Trade Ass'n v. Madden, 328 F.2d 766 (C.A.7, 1964), cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747; Vapor Blast Mfg. Co. v. Madden, 280 F.2d 205, 208–209 (C.A.7, 1960), cert. denied, 364 U.S. 910, 81 S.Ct. 273, 5 L.Ed.2d 225.

■ No departure from these settled principles is required by plaintiff's assertion herein that the Regional Director's administrative investigation and determination of election objections precluded adequate opportunity to examine the evidence relied upon and the basis for the Director's ultimate conclusions and deprives plaintiff of meaningful review in a subsequent unfair labor practice case. For the Courts have uniformly held that such assertions of denial of adequate information may be raised only after entry of the Board's final unfair labor practice order upon review thereof in the Court of Appeals. The district courts do not have jurisdiction to grant such intermediate relief. See, Sears, Roebuck & Co. v. N. L. R. B., 433 F.2d 210, 211 (C.A.6, 1970); Ex-Cell-O Corp. v. Little, 268 F.Supp. 755, 757–758 (S.D.Ind., 1966); Intertype Co., Div. of Harris-Intertype Corp. v. Penello, 269 F.Supp. 573, 580–581 (W.D., Vir., 1967); Intertype Co. v. N. L. R. B., 401 F.2d 41, 44–45 (C.A.4, 1968) (contention raised by plaintiff that he needed access to Board's investigatory file in a representation case to gain meaningful review dismissed by district court, review by Court of Appeals in subsequent unfair labor practice case).

**538**

5. This Court, having determined that it lacks jurisdiction over the complaint, no longer has a basis upon which to order the requested discovery which therefore becomes moot and abates.

Wherefore, defendants' motion to dismiss the complaint for lack of jurisdiction over the subject matter is hereby granted and plaintiff's motion for a show cause order why the unfair labor practice proceeding should not be preliminarily enjoined is hereby denied.