896 F.2d 24
 133 L.R.R.M. (BNA) 2684, 114 Lab.Cas. P 11,928
 ROCHESTER JOINT BOARD, AMALGAMATED CLOTHING AND TEXTILE
WORKERS UNION, AFL-CIO, CLC, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
Kleen Brite Laboratories, Inc., Intervenor.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
KLEEN BRITE LABORATORIES, INC., Respondent,
and
Rochester Joint Board, Amalgamated Clothing and Textile
Workers Union, AFL-CIO, CLC, Intervenor.
 Nos. 443, 580, Dockets 89-4085, 89-4103.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 29, 1989.
Decided Feb. 14, 1990.
 
 Michael T. Harren, Rochester, N.Y. (Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, N.Y., of counsel), for Rochester Joint Bd.
 Gerald L. Paley, Rochester, N.Y. (Phillips, Lytle, Hitchcock, Blaine & Huber, Rochester, N.Y., of counsel), for Kleen Brite Laboratories, Inc.
 Barbara A. Atkin, Supervising Atty., NLRB, Washington, D.C. (Joseph E. Desio, Acting Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Aileen A. Armstrong, Deputy Associate Gen. Counsel, Robert N. Herman, NLRB, Washington, D.C., of counsel), for NLRB.
 Before KEARSE, ALTIMARI and MAHONEY, Circuit Judges.
 ALTIMARI, Circuit Judge:
 
 
 1
 In this consolidated action, we consider two related matters. First, the National Labor Relations Board (the "Board") petitions for enforcement of an order directing Kleen Brite Laboratories, Inc. ("Kleen Brite") to, inter alia, bargain in good faith with the Rochester Joint Board, Amalgamated Clothing and Textile Workers Union, AFL-CIO, CFC (the "Union") pursuant to section 10(e) of the National Labor Relations Act ("NLRA"), 29 U.S.C. Sec. 160(e) (1982). Second, the Union, contending that it was entitled to additional relief, petitions for review of the Board's order. The Union, as intervenor, argues in favor of the Board's position in the first matter. Kleen Brite, as intervenor, argues in favor of the Board's position in the second matter. For the reasons that follow, the petition for enforcement is granted and the petition for review is denied.
 
 BACKGROUND
 
 2
 Kleen Brite manufactures household cleaning products at three facilities--two located in Brockport, New York and another in Rochester, New York. During 1988, the Union endeavored to become bargaining representative for certain of Kleen Brite's employees. Toward that end, the Union filed a representation petition with the Board's regional office seeking certification as the collective bargaining representative for all production, maintenance, shipping, and receiving employees at the three Kleen Brite locations. On May 19-20, 1988, a hearing was conducted before the Board's Acting Regional Director to determine the appropriateness of the proposed multi-plant bargaining unit. On June 9, 1988, the Acting Regional Director issued a Decision and Direction of Election finding the multi-plant unit to be appropriate.
 
 
 3
 In accordance with its usual practice, the regional office mailed a copy of the Decision and Direction of Election to both Kleen Brite and the Union on June 9, 1988. In addition, a member of the Board's regional office staff communicated the decision orally to a Union representative in response to his inquiry that afternoon. The Union received the mailed copy on the next day, Friday, June 10, 1988. Kleen Brite received its copy on Monday, June 13, 1988.
 
 
 4
 On June 10, 1988, the Union distributed to Kleen Brite employees a handbill which proclaimed that the NLRB had ruled in the Union's favor. Since Kleen Brite had not yet received its copy of the Board's decision at the time the handbills were distributed, Kleen Brite's counsel phoned the Acting Regional Director in an effort to find out if the handbill was accurate. The Acting Regional Director related that "it was against Board practice to reveal the contents of a Decision and Direction of Election, other than by serving all parties at the same time and in the same manner with a copy of the document." Kleen Brite was told that it would have to wait until it received its copy in the mail.
 
 
 5
 The Board conducted a representation election by secret ballot in the designated unit on July 8, 1988. The Union prevailed by a vote of 143 to 83. Subsequently, Kleen Brite filed objections to the election, contending, among other things, that the oral disclosure of the Decision and Direction of Election to the Union "was in violation of NLRB policy, demonstrated to the employees the Board's lack of neutrality, ... interfered with the fair operation of the election process, and affected both the manner in which the election was conducted and also affected the results of the election." Following an investigation of the objections, the Regional Director concluded that the premature disclosure to the Union, although regrettable, "could not have affected the results of the election and did not impugn the neutrality of the Board." The Regional Director recommended that Kleen Brite's objections be overruled.
 
 
 6
 Kleen Brite then filed exceptions to the Regional Director's report, again contending that the oral disclosure impugned the Board's neutrality and affected the outcome of the election. On January 31, 1989, a three-member panel of the Board issued a Decision and Certification of Representative which adopted the Regional Director's report, overruled Kleen Brite's exceptions, and certified the Union as the bargaining representative for Kleen Brite's employees.
 
 
 7
 Following its certification, the Union requested Kleen Brite to bargain with it. Kleen Brite refused. The Union then filed an unfair labor practice charge with the Board. Thereafter, the Regional Director issued a complaint which alleged that Kleen Brite's refusal to bargain violated section 8(a)(1) and (5) of the NLRA, 29 U.S.C. Sec. 158(a)(1), (5) (1982).
 
 
 8
 Kleen Brite admitted that it refused to bargain but denied that the Union was properly certified. On June 30, 1989, the Board issued its Decision and Order, finding Kleen Brite's refusal to bargain to be an unfair labor practice. The order directed that Kleen Brite cease and desist from refusing to bargain with the Union and from interfering with, restraining, or coercing employees in the exercise of their rights under the NLRA. The order also directed various actions, such as bargaining with the Union upon request, to be taken by Kleen Brite.
 
 DISCUSSION
 
 9
 A. Certification of Election.
 
 
 10
 Kleen Brite opposes enforcement of the Board's order on the ground that the Union was improperly certified. Specifically, Kleen Brite argues that the oral disclosure to the Union of the contents of the Board's Decision and Direction of Election required the Board to set aside the election. We disagree.
 
 
 11
 The conduct of a representation election is a purely administrative function with which we should not interfere absent " 'the most glaring discrimination or abuse.' " Amalgamated Serv. & Allied Indus. Joint Bd. v. NLRB, 815 F.2d 225, 227 (2d Cir.1987) (quoting NLRB v. Olson Bodies, Inc., 420 F.2d 1187, 1189 (2d Cir.1970), cert. denied, 401 U.S. 954, 91 S.Ct. 966, 28 L.Ed.2d 237 (1971)). Thus, when reviewing a request to overturn a Board decision refusing to set aside an election, we are limited to the narrow question of whether the Board abused its discretion in certifying the election. See, e.g., id.
 
 
 12
 It is undisputed that the premature disclosure to the Union enabled the Union to distribute handbills proclaiming that the Board had ruled in its favor hours before it received notice of the decision by mail. The handbill, however, although partisan in nature, did not suggest that any information was disclosed to the Union prematurely. After considering Kleen Brite's assertions, the Board found that Kleen Brite failed to show that even a single employee was aware that the disclosure was premature. Our review of the record reveals no evidence which indicates that the outcome of the election was affected by the disclosure.
 
 
 13
 Nevertheless, Kleen Brite argues that the Board was required to set aside the election because the premature disclosure to the Union impugned the Board's neutrality. In support of this contention, Kleen Brite relies on the Board's pronouncement that "[t]he commission of an act by a Board Agent conducting an election which tends to destroy confidence in the Board's election process, or which could reasonably be interpreted as impugning the election standards [that the Board seeks] to maintain, is a sufficient basis for setting aside that election." Athbro Precision Eng'g Corp., 166 N.L.R.B. 966, 966 (1967), vacated sub nom. I.U.E. v. NLRB, 67 L.R.R.M. (BNA) 2361 (D.D.C.1968), acquiesced in, 171 N.L.R.B. 21 (1968), enforced, NLRB v. Athbro Precision Eng'g Corp., 423 F.2d 573 (1st Cir.1970). Contrary to Kleen Brite's interpretation, Athbro did not establish a per se rule that representation elections must be set aside following any procedural irregularity. Rather, the disputed conduct must be assessed on a case by case basis. NLRB v. Fenway Cambridge Motor Hotel, 601 F.2d 33, 37 (1st Cir.1979); see Amalgamated Serv., 815 F.2d at 231-32; cf. Polymers, Inc. v. NLRB, 414 F.2d 999, 1004 (2d Cir.1969), cert. denied, 396 U.S. 1010, 90 S.Ct. 570, 24 L.Ed.2d 502 (1970).
 
 
 14
 Here, the Board carefully considered the disputed conduct and found that the Board's neutrality was not impugned. In reaching this conclusion, the Board noted that the premature disclosure occurred one month before the election and concerned information which both parties were about to receive. As such, the Board found that the disputed conduct was "fundamentally different" from conduct which caused elections to be set aside in Athbro and its progeny. See Athbro, 166 N.L.R.B. at 966 (Board agent drank beer with union representative during break in polling); see also, e.g., NLRB v. State Plating & Finishing Co., 738 F.2d 733, 742 (6th Cir.1984) (Board agent's comment four days before election misled employees into believing that employer lied to them); Hudson Aviation Serv., Inc., 288 N.L.R.B. No. 94, 130 L.R.R.M. (BNA) 1200, 1200 (1988) (Board agent communicated displeasure and criticism toward employer's assistant manager during polling, in view of employees). We agree with the Board's conclusion, and accordingly, we find that the Board did not abuse its discretion in certifying the election.
 
 
 15
 B. Request for Additional Relief.
 
 
 16
 The Union contends that this matter should be remanded so that the Board may reconsider its denial of the Union's request for additional remedies. This argument is without merit, and warrants little discussion.
 
 
 17
 In the proceedings before the Board, the Union requested, in addition to the relief granted, that the Board direct Kleen Brite to, inter alia, inform the Union of any action that it proposes to take pursuant to its current employee disciplinary policy, allow employees to be represented by the Union at any investigative disciplinary interview, and allow the Union to be present at any complaint adjustment procedure. The Board "den[ied] the request for these additional remedies as unwarranted."
 
 
 18
 The primary responsibility for devising remedies that effectuate the policies of the NLRA is vested in the Board, Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 898-99, 104 S.Ct. 2803, 2812-13, 81 L.Ed.2d 732 (1984), and the Board "enjoys broad discretion in deciding what remedies to impose." Amalgamated Serv., 815 F.2d at 232; see also Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271 (1941). On the record before us, the Union has failed to demonstrate that the Board abused its discretion in denying additional relief.
 
 CONCLUSION
 
 19
 For all of the foregoing reasons, the petition for enforcement is granted and the petition for review is denied.