17-2330 (L)
2850 Grand Island Blvd Operating Co. LLC v. NLRB

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
PETER W. HALL,

*Circuit Judges.*

-----------------------------------------------------------------------

2850 Grand Island Boulevard Operating Company, LLC,
DBA Elderwood at Grand Island,

*Petitioner-Cross-Respondent*,

v.

Nos. 17-2330-ag, 17-2579-ag

National Labor Relations Board,

*Respondent-Cross-Petitioner*.

-----------------------------------------------------------------------

For Petitioner-Cross-Respondent: PETER GODFREY (Joseph S. Brown, *on the brief*), Hodgson Russ LLP, Buffalo, New York

For Respondent-Cross-Petitioner: ERIC WEITZ (Usha Dheenan, Supervisory Attorney, Peter B. Robb, General Counsel, John W. Kyle, Deputy General Counsel, Linda Dreeben, Deputy Associate General Counsel, *on the brief*) National Labor Relations Board, Washington, DC

Petition for review of a decision and order of the National Labor Relations Board and cross-petition for enforcement by Respondent.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Petitioner's petition for review be **DENIED** and the National Labor Relations Board's petition for enforcement be **GRANTED**.

Petitioner-Cross-Respondent 2850 Grand Island Boulevard Operating Company, LLC, d/b/a Elderwood at Grand Island ("Elderwood"), seeks an order vacating a July 21, 2017 Decision and Order of Respondent-Cross-Petitioner National Labor Relations Board ("NLRB" or "Board") requiring Elderwood to bargain with 1199 SEIU United Healthcare Workers East ("the Union") based on its finding that Elderwood violated Sections 8(a)(1) and (a)(5) of the National Labor Relations Act ("NLRA" or "the Act"), 29 U.S.C. §§ 158(a)(1), (a)(5).   Elderwood challenges the Union's certification as bargaining representative in the underlying representation proceeding on the grounds that: (1) the bargaining unit certified improperly included Licensed Practical Nurses ("LPNs"), who are "supervisors" within the meaning of the Act and are therefore exempt from the coverage of the Act; and (2) the NLRB election leading to certification was tainted by coercive and threatening tactics by the putative supervisors and the Union.   The NLRB seeks enforcement of the Board's July 21, 2017 Decision and Order and argues that the Board's finding that Elderwood failed to demonstrate that its LPNs are statutory supervisors was supported by substantial evidence, and that the Board did not abuse its discretion in overruling Elderwood's election objections and certifying the Union.

Elderwood operates a nursing home in Grand Island, New York and employs LPNs and certified nursing assistants ("CNAs"), among other skilled staff.   LPNs (also referred to as "Team

2

Leaders") and CNAs are supervised by Registered Nurse ("RN") unit managers, who report to an RN nursing supervisor, who in turn reports to a Director of Nursing. Elderwood maintains that its LPNs are "supervisors" within the meaning of the NLRA and that the NLRB's July 2017 Order requiring it to bargain with a collective bargaining unit certified in February 2017 and comprised of, *inter alia*, LPNs and LPN Team Leaders, cannot be enforced. It also argues that the conduct of its putative supervisors and the conduct of the Union warrant setting aside the election. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As the party asserting the supervisory exception, Elderwood carries the burden of proving its applicability. *NLRB v. Kentucky River Cmty. Care, Inc*., 532 U.S. 706, 710-11 (2001). The Board's determinations regarding the supervisory status of LPNs are findings of fact that are conclusive if supported by substantial evidence. *See NLRB v. Quinnipiac Coll.*, 256 F.3d 68, 73-74 (2d Cir. 2001). Under our substantial evidence review, "reversal based upon a factual question will only be warranted if, after looking at the record as a whole, we are left with the impression that no rational trier of fact could reach the conclusion drawn by the Board." *Novelis Corp. v. NLRB*, 885 F.3d 100, 106 (2d Cir. 2018) (quotation marks omitted). "[W]hen reviewing a request to overturn a Board decision refusing to set aside an election, we are limited to the narrow question of whether the Board abused its discretion in certifying the election." *Rochester Joint Bd., Amalgamated Clothing & Textile Workers Union, AFL-CIO, CLC v. NLRB*, 896 F.2d 24, 27 (2d Cir. 1990) (quotation marks and internal citations omitted).

We conclude that the Board's finding that Elderwood's LPNs are not statutory supervisors is supported by substantial evidence. Even allowing that LPNs have authority occasionally to "assign" tasks to part-time or floating CNAs, *see* 29 U.S.C. § 152(11), the record demonstrates

that such assignments are based on routine decisions that do not require the LPNs' exercise of independent judgment. The record further indicates that both LPNs and CNAs are obligated to follow resident care plans that are set by higher-level medical and management personnel. To the extent LPNs have authority to deviate occasionally from these care plans, such authority does not require more than the exercise of commonsense decisionmaking. Substantial evidence also supports the Board's findings that LPNs do not "responsibly direct" CNAs because they are not accountable for CNAs' performance, and that LPNs lack authority to effectively recommend discipline, recommend rewards, adjust grievances, or recommend transfers of CNAs.

In addition, we conclude that the Board did not abuse its discretion in finding that Elderwood failed to present sufficient credible evidence that its Team Leaders or the Union engaged in impermissible conduct warranting invalidation of the election.

We have considered Petitioner's remaining arguments and find them to be without merit. We hereby **DENY** Petitioner's petition for review and **GRANT** the NLRB's application for enforcement of its July 21, 2017 Decision and Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court